[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEAL
ELEVENTH CIRCUIT

*APRIL 16, 2013*

*JOHN LEY*

*CLERK*

————————

No. 09-11718

————————

D. C. Docket No. 08-80254-CV-DTKH

TIARA CONDOMINIUM ASSOCIATION, INC.,
A Florida non-profit corporation,
In its own name and as agent for all owners
of record of all individual condominium
parcels with the Tiara Condominium,

Plaintiff-Appellant,

versus

MARSH & MCLENNAN COMPANIES, INC.,
a Delaware Corporation,
MARSH, INC.,
MARSH, USA, INC.,

Defendants-Appellees.

————————

Appeal from the United States District Court
for the Southern District of Florida

————————

(April 16, 2013)

Before DUBINA, Chief Judge, KRAVITCH, Circuit Judge, and EDENFIELD,[*] District Judge.

DUBINA, Chief Judge:

As we stated in our earlier opinion reported at *Tiara Condominium Association, Inc., v. Marsh & McClennan Companies, Inc.*, 607 F.3d 742 (11th Cir. 2010), this appeal arises from a contract between an insurance broker and the association responsible for managing the condominium tower located on Singer Island, Florida. The tower suffered extensive wind damage from two hurricanes in September 2004. The condominium association claimed that the broker caused part of its losses by failing to procure an adequate insurance policy for the condominium. In our earlier opinion, we were able to resolve the issues raised on appeal with respect to the association's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and negligent misrepresentation. We affirmed the district court's grant of summary judgment on all of those claims. Concerning the claims for negligence and breach of fiduciary duty, because we concluded that Florida law was unclear, we certified the following question to the Supreme Court of Florida concerning Florida's application of the economic loss rule:

[*] Honorable B. Avant Edenfield, United States District Judge for the Southern District of Georgia, sitting by designation.

**CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO FLA. R. APP. P. 9.150(a).  TO THE SUPREME COURT OF FLORIDA AND ITS HONORABLE JUSTICES:**

DOES AN INSURANCE BROKER PROVIDE A "PROFESSIONAL SERVICE" SUCH THAT THE INSURANCE BROKER IS UNABLE TO SUCCESSFULLY ASSERT THE ECONOMIC LOSS RULE AS A BAR TO TORT CLAIMS SEEKING ECONOMIC DAMAGES THAT ARISE FROM THE CONTRACTUAL RELATIONSHIP BETWEEN THE INSURANCE BROKER AND THE INSURED?

In certifying our question, we noted that the Supreme Court of Florida retains the discretion to restate the issue and to answer the question in the manner it chooses.  *See Stevens v. Battelle Mem'l Inst.*, 488 F.3d 896, 904 (11th Cir. 2007).  The Supreme Court of Florida did precisely that.  It restated the certified question as follows:

**DOES THE ECONOMIC LOSS RULE BAR AN INSURED'S SUIT AGAINST AN INSUANCE BROKER WHERE THE PARTIES ARE IN CONTRACTUAL PRIVITY WITH ONE ANOTHER AND THE DAMAGES SOUGHT ARE SOLELY FOR ECONOMIC LOSSES?**

The Supreme Court of Florida answered its question in the negative and held that the application of the economic loss rule was limited to products liability cases. Accordingly, based on the opinion the Supreme Court of Florida filed with the Eleventh Circuit Court of Appeals on March 11, 2013, and attached hereto as "Appendix I," we vacate the district court's grant of summary judgment in favor of Marsh on Tiara's claims for negligence and breach of fiduciary duty and remand those claims for the district court to reconsider them in light of the Supreme Court of Florida's opinion.

**VACATED and REMANDED.**